CR

# IN THE UNITED STATES



RECEIVED

2006 AUG -4  A 9: 22

# DISTRICT

# COURT

# AT:  MONTGOMERY, ALABAMA

# CASE NO. 3:06cv687-WHA

### GENE COGGINS

**Plaintiff**

# V:

| | |
|---|---|
| **MRS GLORIA SINCLAIR** | **TALLAPOOSA COUNTY** |
| **125 N. BROADNAX ST.** | **125 N. BROADNAX ST.** |
| **DADEVILLE, AL 36853** | **DADEVILLE, AL 36853** |
| | |
| **MR. BLAKE LOWE** | **MRS ROBIN JACKORS** |
| **1000 CHEROKEE RD.** | **AND GEORGE BLAKE ATT:** |
| **P.O. BOX 1928** | **203 COOK ST.** |
| **ALEXANDER CITY, AL 35010** | **AUBURN, AL 36860** |

# DEFENDANTS

# IN THE UNITED STATES DITRICT COURT
# AT: MONTGOMERY, ALABAMA

RECEIVED

GENE COGGINS
242 HIGH TOP CR.
JACKSON'S GAP, AL 36861
                    Plaintiff

AUG − 4 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

V;

Case No. 3 : 06cv687 · WHA

MRS. GLORIA SINCLAIR
PROBATE JUDGE
125 N. BROADNAX ST.  RM.126
DADEVILLE, AL 36853

TALLAPOOSA COUNTY
125 N. BROADNAX ST.
DADEVILLE, AL 36853

MR. BLAKE LOWE
1000 CHEROKEE RD.
P.O. BOX 1928
ALEXANDER CITY, AL 35010

MRS ROBIN JACKORS
AND GEORGE BLAKE ATT.
203 COOK ST.
AUBURN, AL 36860

# DEFENDANTS

# **COMPLAINT**

**COMES,** NOW THE PLAINTIFF, GENE COGGINS, WITH THIS FORMER COMPLAINT

AGAINST THE ABOVE DEFENDANTS...   FILLED IN THE PROPER COURT AND PAID

ALL APPLICABLE FEES.   THE PLAINTIFF ELECTS TO USE THE **APPENDEX SYSTEM**

*AS SO GIVEN IN FEDERAL RULE 34 (A) & R. APP.  P. 30.   THE PLAINTIFF DOES NOT*

*DESIRE ORAL ARGUMENT, THE ISSUES ARE ESTABLISHED LAWS.*

01.

**CAUSE OF ACTION:**

1. **FRAUDULENT CONVEYANCE;** INTENT TO DEFRAUD MEANS TO ACT

   WILLFULLY AND WITH THE SPECIFIC INTENT TO DECEIVE OR CHEAT FOR

   THE PURPOSE OF EITHER CAUSING SOME FINANCIAL LOSS TO ANOTHER OR

   BRINGING ABOUT SOME FINANCIAL GAIN TO ONESELF..  A CONVEYANCE

   OR TRANSFER OF PROPERTY, TO DEFRAUD, HINDER, OR DELAY HIM, OR TO

   PUT SUCH   PROPERTY BEYOND HIS REACH.   Dean V: Davis, 242 U.S. 438, 37

   S.Ct, 130 61, L.  Ed.  419..

2. **DENYING MY CONSTITUTIONAL RIGHT FOR A SPEEDY TRIAL:**

   AS GIVEN INN THE FEDERAL ACT OF 1974 SET OUT AND ESTABLISHED TIME

   LIMITS ON ANY EVENTS THAT ARE CARRIED OUT IN THE JUDICIAL SYSTEM

   AS SO PLACED ON THE SHORT TERM CALENDER SO AS TO ASSURE A

   SPEEDY TRIAL.   U. S. C. A. s/s 3161, Baker V: Wingo 407, U.S.  514, 92, S. CI,

   2182, 33 LED, 2d, 101..  Bryant V: State Md.  APP, 572, 244, A. 2d, 446, 448,  6th.

   Amendment of the United States Constitution.

# AUTHORITY:

1. ANY PERSON MAY MANAGE HIS OWN CASE.  s/s 34-3-19, The provisions

   Of this article shall not be construed to prevent any person from conducting or

   Managing his own case in any court in this state.   Code 1852, s/s 737, Code 1867

   s/s 871, Code 1876, s/s 790, Code 1886, s/s 863, Code 1896, s/s 589, Code 1907,

   S/s 2981, Code 1923, s/s 6246, Code 1940, T. 46, s/s 41..

2.  A CHARGE FOR SECURITY OR ENCUMBRANCE UPON PROPERTY FOR

    PAYMENT OF DEBT, OBLIGATIONS. OR DUTY;   Theatre Reality Co. V:

    Aronberg - Fried Co.  C.C.A.  Mo.  85 F 2d, 383, 388.   Pringer, Springer V:

    J.R. Clark Co. Minn.  138 F. 2d, 722, 726..

3.  THE RIGHT TO ENFORCE CHARGES UPON PROPERTY OF ANOTHER FOR

    PAYMENT OR SATISFACTION OF DEBT ON DEMAND..   Samuels V: Public

    Nat. Bank and Trust Co. Of  New York.  140 Misc.  744, 251, N.Y. S. 671, 674..

4.  SECURITY FOR DEBT; Hurley V: Boston Holding Co.  315 Mass.  591, N.E. 2d, 183,

    193...

5.  THE RIGHT TO CLAIM INTEREST ON CERTAIN PROPERTY, INVOLVES THAT

    PERSON HAVING TIME, LABOR, OR MONEY INVESTED AS GIVEN BY LAW.

    Sullins V:Sullins, 65 Was.  2d, 283, 396, P. 2d.  886, 888..

6.  THE RIGHT TO A QUALIFIED CLAIM AGAINST ONES INTEREST IN PROPERTY,

    HAS THE RIGHT TO ENFORCE A CHARGE UPON ANY ILLEGAL CLAIMS PER-

    TAINING TO THAT PARCEL OF PROPERTY FROM ANOTHER FOR PAYMENT

    OR SATISFACTION OF DEBT OR CLAIM; Vaugham V: John Hancock Mut. Life Ins.

    Co. Tex. Civ. App.  61 S.W.2d.  189, 190..

7.  THE RIGHT TO RETAIN PROPERTY FOR PAYMENT ON DEMAND;  Day V:

    Ostergard 146 P. A. Super 27, 21, A. 2d. 586,588..

8.  A SPEEDY TRIAL IS NOT CONFINED TO MERELY AN IMPAIRMENT BUT

    INCLUDES ANY THREAT TO WHAT HAS BEEN TERMED AN ACCUSED'S

**03.**

SIGNIFICANT STAKES, PSYCHOLOGICAL, PHYSICAL, FINANCIAL IN

THE COURSE OF A PROCEEDING WHICH MAY ULTIMATELY DEPRIVE HIM OF

PROPERTY, LIFE, LIBERTY, OR PRESUIT OF HAPPINESS.  U.S.  V: Dreyer,

C. A. N. J., 533, F2d. 112, 115..

THIS COMPLAINT AS PRESENTED TO THIS COURT BY THE PLAINTIFF, HAS

PRODUCED SUFFICIENT EVIDENCE TO ESTABLISH THAT THERE IS PROBABLE

CAUSE TO BELIEVE THAT THE ABOVE DEFENDANTS HAS COMMITTED A CRIME..

Fed. R. Crim. P. 5.1..

**FACTS:**

ON OR ABOUT SEPTEMBER 28 OF 2003, MY MOTHER FLOSSIE COGGINS

PASSED AWAY AT THE RUSSELL MEDICAL CENTER IN ALEXANDER CITY,

ALABAMA.  SHE LEFT BEHIND HER LAST WILL AND TESTIMONY, AS WAS SO

FOUND UNDER HER MATTRESS IN HER BEDROOM.   SHE WAS DIVORCED AT THAT

TIME WITH ALL PROPERTY GIVEN TO HER IN THE DIVORCE SETTLEMENT.

MOTHER HAD MR. BLAKE LOWE TO REPRESENT HER IN THIS DIVORCE.   AFTER

SEVERAL MONTHS PASSED AND NO ONE TRIED TO SETTLE HER ESTATE, I

CARRIED THE WILL TO MR. BLAKE LOWE TO SETTLE THIS.     AFTER PAYING

HIM $1,500.00 AND ABOUT A YEAR LATER, HE FINALLY GOT A HEARING SET WITH

THE PROBATE JUDGE.   AT THE HEARING ALL FAMILY MEMBERS WERE CALLED

IN, AND NO ONE PROTESTED THE WILL.   THE NOTARY PUBLIC THAT WITNESSED

THE SIGNING OF THE WILL TESTIFIED THAT WAS HER ORIGINAL SIGNATURE.

THE PROBATE JUDGE WANTED TO TALK WITH TWO MORE OF MOTHERS GRAND

**04.**

CHILDREN THAT WAS NOT INCLUDED IN HER WILL.     AFTER MORE THAN SIX
MONTHS PASSED, WE WERE NOTIFIED THAT ONE OF THE GRAND CHILD THAT
WAS NOT INCLUDED IN HER WILL, HAD PROTESTED IT.     UNDER ALABAMA LAW
A PERSON HAS SIX MONTHS TO PROTEST A WILL AFTER FILLED IN PROBATE
COURT.     AFTER THIS TIME THE PROTEST IS ILLEGAL AND MUST BE SETTLED BY
THE PROBATE JUDGE.     SHE HAS REFUSED TO ABIDE BY THIS LAW AND
CONTINUES TO DO NOTHING ABOUT PROBATING THIS WILL.     A WILL IS A LEGAL
INSTRUMENT BY WHICH A PERSON MAKES DISPOSITIONS OF THEIR PROPERTY TO
TAKE EFFECT AFTER THEIR DEATH AND PROPERTY PLACE AS SO GIVEN .
Howard's Ex'r V: Dempster, 247 Ky. 153, 54 S. W. 2d, 660, 661. Brown's Estate, Tex. Civ.
App., 507 S.W. 2d. 801, 803..

DURING ALL OF THIS TIME, THE NEW HOUSE THAT I BUILT FOR MOTHER TO LIVE
IN HAS HAD A LOT OF DAMAGE DONE TO IT, A LOT OF HER PERSONAL ITEMS HAS
BEEN REMOVED, DOORS AND LOCKS REMOVED, AND EVERY TIME I REPORTED
THIS TO OUR DO NNOTHING SHERIFF DEPARTMENT THAT WAS THE RESULTS I
GOT. (DO NOTHING)..     THIS DO NOTHING ON EVERY ONE PART HAS COST ME A
LOT OF TIME AND MONEY.     I HAVE PAID TAXES ON THIS PROPERTY FOR OVER
SIX YEARS NOW , WITH MORE DUE IN NOVEMBER.

**REQUIRED JUDGMENT:**

1.     ON ALL PARTIES INVOLVED IN THIS TIME KILLED IN THE SETTLEMENT OF
       THIS WILL, A JUDGMENT OF $1,000.00 PER DAY FROM FILLING IN PROBATE
       OFFICE.

05.

2.     FOR DAMAGES DONE TO PROPERTY AND STOLEN MATERIAL THAT

        CAME  ABOUT FROM THIS DELAY,    $100,000.00 PER PERSON.

3.     THE FINAL CLOSURE OF WILL WITH ALL PROPERTY GOING TO GENE

        COGGINS.   WHEN THE WILL WAS PROTESTED ACCORDING TO IT'S TERMS,

        IF PROTESTED ALL GOES TO GENE COGGINS, FOR I AM THE ONLY ONE

        THAT HAS ANY THING INVESTED IN IT.    PAGE 3 ITEM -3 -5 - 6 - 7 ...

4.     IF NOT ABLE TO PAY, I  REQUIRE A LIEN ON ALL REAL AND PERSONAL

        PROPERTY TO COVER SECURITY IF MORE THAN TEN DAYS IS INVOLVED,

        WITH A SEIZURE OF ALL PROPERTY AFTER THIRTY DAYS.

**CONCLUSION:**

       THE CONSTITUTION VIOLATION AND THE AMOUNT OF MONEY INVOLVED

PLACES THIS CASE IN THE PROPER COURT, RIGHT LOCATION AND WITH ALL THE

EVIDENCE GIVEN, THE TIME WASTED IN THE SETTLEMENT OF THIS WILL, THERE

SHOULD BE A FINAL SETTLEMENT WITHIN A VERY SHORT TIME.

_Gene Coggins_
GENE COGGINS

_Patricia Shaddix_
NOTARY PUBLIC

DATE: _8-3-06_

_12-3-07_
MY COMMISSION EXPIRES

SEAL:

06.

# IN THE UNITED STATES DISTRICT COURT
# AT: MONTGOMERY, ALABAMA

GENE COGGINS
242 HIGH TOP CR.
JACKSON'S GAP, AL 36861
                 Plaintiff

                 Civil Action

V:

CASE NO _3:06cv687·WHA_

MRS GLORIA SINCLAIR
PROBATE JUDGE
125 N. BROADNAX ST.  RM 126
DADEVILLE, AL 36853

TALLAPOOSA COUNTY
125 N. BROADNAX ST.
DADEVILLE, AL 36853

MR. BLAKE LOWE
1000 CHEROKEE, RD.
P.O. BOX 128
ALEXANDER CITY, AL 35010

MRS ROBIN JACKORS
AND GEORGE BLAKE ATT:
203 COOK STREET
AUBURN, AL 36830

# PLAINTIFF ELECTS TO USE THE APPENDIX SYSTEM

    IN PURSUANT TO RULE 34 (A), THE PLAINTIFF ELECTS TO

USE THE APPENDIX SYSTEM.

    I DO NOT DESIRE ORAL ARGUMENT, THE ISSUES ARE

ESTABLISHED LAWS.

*Gene Coggins*

GENE COGGINS

# SUBPOENA TO PRODUCE DOCUMENTS

TO: BLAKE LOWE ATT:
1000 CHEROKEE RD.
P.O. BOX 128
ALEXANDER CITY, AL 35010

## FACTS:

ON OR AROUND THE 05 DAY OF JULY 2006, I MAILED MR. LOWE A LETTER, STATING THAT I DID NOT NEED HIS SERVICES ANY MORE. I WENT BY HIS OFFICE AND LEFT A REQUEST WITH HIS SECRETARY THAT I WANTED ALL RECORDS HE HAD OF GENE COGGINS. I HAVE MADE THREE MORE TRIPS BY THERE. AND SHE PROMISED ME EVERY TIME THAT SHE WOULD HAVE THEM IN THE MAIL THE NEXT DAY. A MONTH LATER AND I HAVE NOT RECEIVED THEM.

**FAILURE TO PRODUCE RECORDS NEEDED FOR COURT IS A CRIMINAL OFFENCE.**

Fed R. Civil P. 45, Fed R. Crim. P. 17..

**JUDGMENT ADDED FOR ENCUMBRANCE, OBLIGATIONS, OR DUTY** PERTAINING TO DEBT. Theatre Reality Co. V: Aronberg - Fried Co. C.C.A. Mo. 85 F 2d. 383, 388

THE PLAINTIFF REQUEST THIS COURT TO GRANT A JUDGMENT OF $1,000.00 PER DAY FROM JULY 06, 2006 UNTIL DAY ALL OF GENE COGGINS DOCUMENTS HAVE BEEN RETURNED.. WITH INTEREST AND ANY OTHER FEES AS INCLUDED IN MAIN COMPLAINT.

GENE COGGINS

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT UPON THIS DATE I HAVE PLACED IN THE UNITED STATES MAIL WITH PROPER POSTAGE AND SENT TO LAST KNOWN ADDRESS OF DEFENDANTS A COPY OF THIS FOREGOING ACTION, OR COUNSEL OF RECORDS, AND IN COMPLIANCE WITH RULE 30 (G) A. R. C. P. OF COURT..

DONE THIS _3_ DAY OF <u>AUGUST</u>, 2006..

<u>Gene Coggins</u>
GENE COGGINS
242 HIGH TOP CR.
JACKSON'S GAP, AL 36861