IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06-cv-00687-WHA-DRB |
| | ) |
| PROBATE JUDGE GLORIA SINCLAIR, et al. | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME NOW Tallapoosa County and Probate Judge Gloria Sinclair, Defendants in the above styled cause, and move this Honorable Court to dismiss the Plaintiff's Complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Plaintiff's Complaint, and its component parts, separately and severally fails to state a claim against them upon which relief may be granted. As grounds for so moving, said Defendants state as follows:

1. All claims by Plaintiff against Defendants must fail because Plaintiff failed to set forth a claim in his pleading in "a short and plain statement of the claim showing that the pleader is entitled to relief" in violation of Fed.R.Civ.P., Rule 8. In fact, the claim is so lacking in plainness that it is difficult to discern what the claim alleges.[1]

---

[1] E.g., Plaintiff states in his Complaint that he "elects to use the Appendex System," citing Rule 34 of the Federal Rules (a rule of Discovery) and Rule 30 of the Appellate Rules. Plaintiff's Complaint, p. 1. Although not clearly alleged in the Complaint, the Plaintiff seems to believe that the Probate Judge of Tallapoosa County has committed a fraudulent conveyance because of a delay in the probate of his deceased mother's estate. Complaint, pp. 2, 4-5. Defendants are at a loss as to how to defend against such an allegation.

2.       The Plaintiff makes no statement as to how the Federal District Court has jurisdiction, and Plaintiff states no claim that fits within the subject matter jurisdiction of the federal district courts. U.S. Constitution, Article III, Section 2.

3.       The Plaintiff has alleged no diversity among the parties that would provide the District Court with jurisdiction.

4.       The Plaintiff's claim does not state a federal question.

5.       The Probate Judge of Tallapoosa County, an elected constitutional officer who enforces state law, is not an entity that may be sued because that office is entitled to Eleventh Amendment immunity. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003), cert. denied, 540 U.S. 1107, 124 S.Ct. 1061, 157 L.Ed.2d 892 (2004) (The Eleventh Amendment "protects a State from being sued in federal court without the State's consent."); Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (Eleventh Amendment affords states immunity from suits, both legal and equitable); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (the term "state" includes "arms of the state"); Regents of the University of California v. Doe, 519 U.S. 425, 429-30, 117 S.Ct. 900, 904 (U.S. Cal. 1997) (federal law determines whether an entity is an "arm of the state," which is determined by the "nature of the entity created by state law"); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (municipal courts are "arm of the state" because they are part of the "hierarchical system of state courts," created by state constitution and state statutes); Tennessee v. Lane, 541 U.S. 509, n. 16, 527, 124 S.Ct. 1978, n. 16, 1991 (2004), citing Mt. Healthy, supra ("the provision of judicial services, an area in which local governments are typically treated as 'arm [s] of the State' for Eleventh Amendment purposes").

6.	The Defendant Probate Judge is entitled to absolute judicial immunity. <u>Badillo v. Thorpe</u>, 158 Fed. Appx. 208 (11th Cir. 2005) (claim against state court judge under Americans with Disabilities Act barred by doctrine of absolute sovereign immunity).

7.	Tallapoosa County is not a proper defendant because it has no control over the Tallapoosa County Probate Court, which is within the Judicial Branch of the government of the State of Alabama and is established by Article VI of that constitution. Ala. Const., 1901, Amendment 328, §§ 6.01, 6.06 (amending Article VI, Ala. Const., 1901).

8.	With regard to the probate of decedents' estates, normally state law governs, not federal law. Also, the Plaintiff has not alleged in his Complaint whether the probate judge's decision rests on "adequate and independent state grounds" or not. <u>Herb v. Pitcairn</u>, 324 U.S. 117, 125, 65 S.Ct. 459, 463 (1945).

9.	The allegations in Plaintiff's Complaint are not ripe for review. Plaintiff has not even alleged a decision issued by the probate judge, with which he disagrees.

10.	With respect to probate court judgments, Alabama law and court rules provide the procedure for appeal of probate court judgments and petitions for remedial and extraordinary writs. Ala. Code 1975, § 12-22-2; Ala.R.App.P., Rule 21.

11.	The Defendants, in their individual capacities, are entitled to qualified immunity.

12.	State law claims against the Defendants should be dismissed pursuant to sovereign immunity under Alabama law.

13.	The Plaintiffs' claim for punitive damages is due to be stricken.

WHEREFORE, PREMISES CONSIDERED, Defendants, Probate Judge Gloria Sinclair, individually and in her official capacity as Judge of Probate for Tallapoosa County, and Tallapoosa

County, respectfully request this Honorable Court dismiss the Plaintiff's Complaint against them and grant unto them such other, further, and different relief to which they may be entitled, including their attorney's fees and costs in this matter.

Respectfully submitted this 29th day of August 2006.

>s/Winthrop E. Johnson
>WINTHROP E. JOHNSON, Bar Number: JOH086
>Attorney for Defendants
>WEBB & ELEY, P.C.
>7475 Halcyon Pointe Drive (36117)
>Post Office Box 240909
>Montgomery, Alabama  36124
>Telephone:  (334) 262-1850
>Fax:  (334) 262-1889
>E-mail:  wjohnson@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of August 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

>Gene Coggins
>242 High Top Cr.
>Jackson's Gap, AL  36861

>s/Winthrop E. Johnson
>OF COUNSEL