IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGGINS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06-cv-00687-WHA-DRB |
| | ) |
| PROBATE JUDGE GLORIA | ) |
| SINCLAIR, et al. | ) |
| | ) |
|    Defendants. | ) |

## MOTION FOR MORE DEFINITE STATEMENT

COME NOW Probate Judge Gloria Sinclair and Tallapoosa County, Defendants in the above-styled cause, and move for a more definite statement from the Plaintiff under Rule 12(e), Fed.R.Civ.P. The Defendants find it difficult to understand several aspects of Plaintiff's Complaint, such that answering the Complaint is difficult. If Plaintiff cannot or will not file a Complaint with a More Definite Statement of his allegations, this Court should strike the pleading.

### Grounds

1.    The Plaintiff's Complaint does not explain how this federal District Court has jurisdiction over the matter complained of.

2.    The Plaintiff's Complaint does not set forth, as required by Rule 8, Fed.R.Civ.P., "a short and plain statement of the grounds upon which the court's jurisdiction depends."

3.    The Plaintiff's Complaint cannot set forth a "short and plain statement of the grounds upon with the court's jurisdiction depends" because there is no basis for diversity jurisdiction, nor is there a federal question that the Complaint does or can allege.

4.    The Plaintiff's Complaint does not allege any violation by the Defendants of any United States Constitutional provision or federal statute.

5. The Plaintiff's Complaint does not cite any federal case or common law that could reasonably apply to the actions or inactions of the probate judge or the county.

6. The Plaintiff's Complaint does not indicate how actions or inactions by the probate judge or county were wrongful or violations.

7. The Plaintiff's Complaint does not quantify his damages.

8. The Plaintiff's Complaint does not explain how absolute judicial immunity does not apply to the matters alleged.

9. Plaintiff has not stated whether he has exhausted his remedies under Alabama law, specifically his right to appeal a probate court judgment or to petition a higher court for an extraordinary writ.

10. Plaintiff fails to allege any affirmative causal link between the alleged acts of Defendants and any alleged constitutional or statutory deprivation or Defendants' direct participation in any alleged constitutional or statutory violation.

Respectfully submitted this 29th day of August 2006.

s/Winthrop E. Johnson
WINTHROP E. JOHNSON, Bar Number: JOH086
Attorney for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  wjohnson@webbeley.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on this the 29th day of August 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

     Gene Coggins
     242 High Top Cr.
     Jackson's Gap, AL  36861

     **s/Winthrop E. Johnson**
     OF COUNSEL