IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-00687-WHA-DRB |
| | ) | |
| GLORIA SINCLAIR, Probate Judge, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION

For good cause following a review of the Complaint filed *pro se*, the Magistrate Judge readily concludes that the Complaint is due to be dismissed as it fails to trigger this court's federal jurisdiction and otherwise fails to state a claim for which relief can be granted in this court against any of the named defendants, all of whom have now been served: (1) Tallapoosa County Probate Judge Gloria Sinclair, (2) Tallapoosa County, (3) Blake Lowe, a lawyer practicing in Alexander City, Robin Jackors, of Auburn[1], and George Blake, Atty., of Auburn. Nonetheless, in deference to the Plaintiff's evident status as a non-lawyer otherwise lacking in knowledge of federal practice, the Magistrate Judge deems it appropriate to provide an opportunity for the *pro se* plaintiff first to submit any amended Complaint which withstands dismissal.

Accordingly, for good cause, it is **ORDERED** as follows:

---

[1] In a *Motion for Correction of Spelling and Zip Code* filed September 5 (Doc. 6), Plaintiff represents his present understanding that the defendant identified as "Robin Jackors" should be named correctly as "Robin Jacobs." The docket reflects that on September 5, a "Jennifer Smith" received the complaint served by certified mail, addressed as follows: "Mrs. Robin Jackors, c/o George Blake, c/o 203 Cook St., Auburn, AL. 36830. The Magistrate Judge declines consideration of this motion pending consideration of the Plaintiff's amended complaint.

1. The *Motion for More Definite Statement* (Doc.4, Aug. 29, 2006) filed for Defendants Tallapoosa county and Tallapoosa County Probate Judge Gloria Sinclair is GRANTED to the extent of the instructions and deadline herein specified for Plaintiff.

2. The *Motion to Dismiss Plaintiff's Complaint* (Doc. 3, Aug. 29, 2006) filed for Defendants Tallapoosa County and Tallapoosa County Probate Judge Gloria Sinclair is STAYED for consideration after review of any amended complaint filed by Plaintiff.

3. Plaintiff's *Motion for Correction of Spelling and Zip Code* (Doc. 6, Sept. 5, 2006) is STAYED for consideration after review of any amended complaint filed by Plaintiff.

4. Defendants Lowe, Blake, and Jackors, for whom others accepted "certified mail" service of the complaint on September 5, 2006, are hereby RELIEVED of any DUTY to answer or otherwise respond to the Complaint by the September 25, 2006, deadline provided by the Federal Rules of Civil Procedure. After consideration of any amended complaint, or absent the filing of any amended complaint, the Magistrate Judge will provide notice to these defendants if any responsive pleading is necessary.

5. **The *pro se* Plaintiff, Gene Coggins, is hereby ADVISED to file not later than September 29, 2006, an amended complaint which states a federal cause of action, and he is further advised that the Magistrate Judge will review the amended complaint promptly to ascertain its legal sufficiency.** If the amended Complaint fails to cure the jurisdictional defects and other deficiencies evident in the original complaint – summarized below – or if the Plaintiff fails to file an amended complaint, the Magistrate Judge will proceed to recommend dismissal of this lawsuit with prejudice.

**Plaintiff is DIRECTED** to read and be governed by the following, to seek guidance from

<u>a competent lawyer before filing any amended complaint, and to consider the wisdom of filing a motion for the voluntary dismissal of this lawsuit in lieu of filing an amended complaint. This Court cannot and will not serve as Plaintiff's lawyer and provides this specific guidance solely to emphasize Plaintiff's lack of competence to pursue this federal court complaint absent competent legal assistance:</u>

    **a**.  For the reasons stated in their <u>Motion to Dismiss Plaintiff's Complaint</u>, Tallapoosa County and its Probate Judge are due to be dismissed from this action; accordingly, the Plaintiff is instructed to consider carefully the grounds asserted in the Motion as he attempts to amend his Complaint against these defendants. The Complaint fails to state any federal cause of action against the other named defendants – Blake Lowe, Robin Jackors, and George Blake; because the Complaint discloses that Plaintiff and these defendants share citizenship in the State of Alabama, the Plaintiff is instructed that any viable complaint against these defendants must satisfy all the jurisdictional prerequisites for "federal question" jurisdiction.

    **b.**  Federal courts are courts of limited jurisdiction. In the absence of claims involving diverse citizens on matters involving the requisite amount in controversy, a Plaintiff's complaint in federal court must demonstrate a cause of action which arises under the United States Constitution or federal laws.

    c.  **Rule 8(a), Federal Rules of Civil Procedure, requires a plaintiff to provide "a short and plain statement of the claim showing that he is entitled to relief."** Thus, the Complaint must include a concise statement of the acts or omissions– as well as pertinent dates and places for any relevant occurrences– of <u>each named defendant</u> who is alleged to have violated any federal constitutional or statutory rights, together with a concise summary of the manner in which the named defendant accomplished the alleged violations.

    d.  ***Pro se* litigants, like plaintiffs represented by lawyers, are bound to honor Rule 11 of the Federal Rules of Civil Procedure**, which provides in pertinent part at Rule 11(b):

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting* "an inquiry reasonable under the circumstances" in order to inform her "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Done this 12th day of September, 2006.

                                        **/s/ Delores R. Boyd**
                                        DELORES R. BOYD
                                        UNITED STATES MAGISTRATE JUDGE