# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION AT: MONTGOMERY, ALABAMA

GENE COGGINS
    Plaintiff

V:                          CIVIL ACTION NO: 3:06 - CV 00687 WHA

GLORIA SINCLAIR
AND
TALLAPOOSA COUNTY
    Defendants

## MOTION TO DISMISS DEFENDANTS MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

**COMES NOW,** The PLAINTIFF GENE COGGINS WITH THIS MOTION TO DISMISS DEFENDANTS MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT, THIS DOES NOT COMPLY TO THE STATE OF ALABAMA, OR THE FEDERAL RULES OF CIVIL PROCEDURE. THE SUMMONS REQUIRES ,"AN **ANSWER** TO THE COMPLAINT WHICH IS SERVED ON YOU WITH THIS SUMMONS, WITHIN TWENTY ( 20 ) DAYS AFTER SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT **WILL** BE

01.

TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. ANY **ANSWER** THAT YOU SERVE ON THE PARTIES TO THIS ACTION MUST BE FILED WITH THE CLERK OF THIS COURT WITHIN A REASONABLE PERIOD OF TIME AFTER SERVICE".. AN **ANSWER** IS DESCRIBED IN THE ALABAMA AND FEDERAL RULES OF CIVIL PROCEDURES CONSIST OF EITHER ADMITTING TO OR DENYING EVERY ALLIGATION IN THE COMPLAINT. AS INDICATED IN YOUR **MOTION TO DISMISS** AS GIVEN BY THE DEFENSE ATTORNEY DOES NOT KNOW THE DIFFERENCE . WHEN SOMEONE RECEIVES A SUMMON TO REPLY WITH AN REQUIRED ANSWER AND DOES NOT OFFER A CORRECT ANSWER, THE MOTION TO DISMISS IS **MAULT.** THEREFORE THE REQUIRED ANSWER WAS NOT FILED WITHIN THE REQUIRED TIME LIMIT AND A JUDGMENT BY DEFAULT MUST BE ENTERED AGAINST THE DEFENDANTS.

IN ORDER TO HELP THE LACKING ONES TO UNDER STAND MY COMPLAINT, I OFFER THE FOLLOWING:

1.  THE RIGHT JURISDICTION AND THE FEDERAL COURT, CAME FROM ME BEING A LIFE TIME RESIDENT OF TALLAPOOSA COUNTY IN THE STATE OF ALABAMA. I HAVE CHOSEN TO USE THE FEDERAL COURT BECAUSE OF THE CONSTITUTION RIGHTS VIOLATIONS THAT HAS DENIED ME A SPEEDY SETTLEMENT ON THE

LAST WILL AND TESTMENT OF MY DECESSED MOTHER LEFT ME OVER THREE YEARS AGO. AS SO GIVEN ON PAGE 03 - 04 OF MY COMPLAINT. THE SECOND RIGHT TO FILE THIS IN FEDERAL COURT, INVOLVED THE TOTAL AMOUNT OF MONEY INVOLVED. THE DESTRUCTION AND PROPERTY STOLEN HAS COST ME A LOT OF MONEY, WITH THIS **DO NOTHING, LAW,** WE HAVE IN TALLAPOOSA COUNTY THE DAMAGES AND COST KEEP RISING.

2. WHEN A CASE IS PLACED IN FEDERAL COURT IN THE PROPER JURISDICTION, WITH ALL FEES PAID IN ADVANCE, THE FEDERAL RULES OF COURT APPLY, FOR THE CONSTITUTION AND OTHER FEDERAL LAWS HAVE THE PRESTIGE OVER ALL STATE LAWS. THEREFORE THERE IS NO FEDERAL LAW THAT GIVES ANY STATE OFFICIAL OR COUNTY LEGAL IMMUNITY FROM ANY SUITS. THE ELEVENTH AMENDMENT IMMUNITY IS FOR THE STATE BEING SUED. THIS IS NOT A SUIT AGAINST THE STATE OR ANY EMPLOYEE OF THE STATE. THE PROBATE JUDGE IS ELECTIVE OFFICAL FOR TALLAPOOSA COUNTY ONLY AND SHE WAS NAMED IN THE COMPLAINT AS GLORIA SINCLAIR, ONE OF THE FIVE DEFENDANTS AND TALLAPOOSA COUNTY WAS ALSO NAMED AS A DEFENDANT. THE TWO ARE NOT TO BE CONSIDERED AS ONE AS YOU HAVE INDICATED IN YOUR MOTION TO DISMISS. WHEN AN INDIVUAL IS SUED IN FEDERAL COURT, THEIR POSITION IN LIFE OR GOVERNMENT IS NOT AN OUTREACH ARM OF THE STATE, WHAT EVER THEIR OFFICE REPRESENTS IS A SEPARATE BALL GAME FROM INDIVIDUAL ACTIONS TAKEN. THIS FRAUDULENT CONVEYANCE IS DESCRIBED ON PAGE 02. OF MY COMPLAINT, THAT HAS CAUSED PROPERTY AND FINANCIAL LOSS WITH

03.

WILLLFULLY INTENT TO DECEIVE, CHEAT, OR **CAUSE SOME FINANCIAL LOSS** TO ANOTHER. THIS CAME ABOUT BY HER ACTIONS ALONE, AND NOT THE DIRECT ACTIONS AS A PROBATE JUDGE DECISIONS THAT ARE TO BE BASED ONLY ON THE LEGAL ACTION PRESENTED IN EACH CASE ACCORDING TO THE LAWS GOVERNING SUCH ACTIONS. A STATE COURT JUDGE AND A COUNTY PROBATE JUDGE ARE NOT THE SAME. FOR BOTH CAN BE SUED AS INDIVUALS WITHOUT TIED TO THEIR POSITION IN LIFE . ANY LAW MADE BY THE STATE THAT GIVES AN INDIVUAL IMMUNITY FROM BEING SUED IS ILLEGAL AND THE MAKERS OF SUCH LAW AND ALL WHO ATTEMPT TO ENFORCE THIS SHOULD BE REMOVED FROM OFFICE. THE CONSTITUTION OF THE UNITED STATES GIVES EVERY INDIVIDUAL THE RIGHT TO SUE OR BE SUED AND THE RIGHT TO REPRESENT THEM SELF IN ANY COURT IN THIS LAND. THE COMPLAINT THAT BROUGHT TALLAPOOSA COUNTY INVOLVEMENT INVOLVES THE DELAY ACTION OF GLORIA SINCLAIR USED BY NOT ABIDING BY THE TIME LIMIT GIVEN IN STATE LAWS THAT GOVERN THE TIME A FAMILY MEMBER HAS TO CONTEST A WILL, CAUSING FUTHER DELAYS, DAMAGES, AND MORE FINANCIAL LOSS, WHERE HER AND THE SHERIFF'S DEPARTMENT KNEW ABOUT AND NEVER DID ANYTHING ABOUT THIS. THIS NEGLECT HAS CREATED A DAMAGE AND LOSS OF PERSONAL PROPERTY AT THIS TIME TO TOTAL OVER $135,000.00. NOW UNLESS THIS CASE IS DELAYED FUTHER BY THE DEFENDANTS ATTORNEY (S), WITH THEIR UNDER HANDED STALLING METHODS, I REQUEST THIS COURT TO FILE A COUNTER CLAIM AGAINST THEM HOLDING THEM RESPONSIBLE FOR ALL

DAMAGES, AND STOLEN ITEMS REMOVED FROM SAID PROPERTY, FROM THE FIRST DAY OF THEIR INVOLVMENT UNTIL FINAL SETTLEMENT IS MADE ADDITIONAL FINES PER DAY, ANY COURT COST OR OTHER FEES THAT MAY APPLY.

3.     IN NO. 11 OF YOUR MOTION TO DISMISS YOU STATED THAT '**THE DEFENDANTS IN THEIR INDIVIDUAL** CAPACITIES, ARE ENTITLED TO QUALIFIED IMMUNITY.' EVEN YOU DESCRIBED THIS CASE TO BE AGAINST THE INDIVIDUALS AS SO GIVEN IN THE COMPLAINT.  NO 12 YOU CLAIMED THAT THE STATE LAWS AGAINST THE DEFENDANTS SHOULD BE DISMISSED PURSUANT TO SOVEREIGN IMMUNITY UNDER ALABAMA LAW, AGAIN YOU DO NOT KNOW THAT THIS CASE IS FILED IN FEDERAL COURT UNDER FEDERAL LAWS AND THE STATE LAWS DO NOT APPLY.

4.     IN ITEMS LISTED UNDER YOUR GROUNDS WAS COVERED UNDER ITEM NO. 2 PAGE 02. AND ITEM NO. 08. PAGE THREE OF MY COMPLAINT.  THE RIGHT FOR THIS CASE TO BE IN FEDERAL COURT IS GIVEN IN A SHORT AND PLAIN STATEMENT UNDER ITEM NO 1-2 ON PAGE 02. OF THE COMPLAINT AS REQUIRED BY RULE 8, FED. R. CIV. P. AS LISTED AS **CAUSE OF ACTION.**  IN YOUR LISTED GROUNDS YOU STATED IN ITEM NO. 4 THE PLAINTIFF COMPLAINT DOES NOT ALLEGE ANY VIOLATION BY THE DEFENDANTS OF ANY UNITED STATES CONSTTITUTIONAL PROVISION OR FEDERAL STATUTE.   IF YOU LOOK UNDER CAUSE OF ACTION AND CAN UNDER STAND WHAT YOU READ, ITEM NO. 01. FRAUDULENT CONVEYANCE OF THE COMPLAINT, TO ACT WILLFULLY AND WITH THE SPECIFIC INTENT TO DECEIVE OR CHEAT FOR THE PURPOSE OF EITHER CAUSING SOME **FINANCIAL LOSS**

05.

TO ANOTHER. A CONVEYANCE OR TRANSFER OF PROPERTY, TO DEFRAUD, **HINDER, DELAY HIM, OR TO PUT SUCH PROPERTY BEYOND HIS REACH.**

Dean V: Davis 242 U.S. 438,37 S.Ct. 130, 61 L. Ed. 419.

THIS FINANCIAL LOSS IS TOTALLY DUE TO THE ALL OF THE DEFENDANTS, IN ABILITY TO ACT WITHIN THE LAW ACCORDING TO THE DEPARTMENT OF CORPORATIONS IN THE STATE OF ALABAMA. WHEN A CITY OR COUNTY IS SET UP BY THE LAWS GOVERNING CORPORATIONS, THEIR FUNCTIONS REQUIRE THEM TO PROVIDE PROTECTION TO EVERY CITIZEN WITH-IN THAT GIVEN JURISDICTION, AS SO APPROVED BY THE STATE LAW MAKERS. WHEN A COUNTY OR ANY OF IT'S OFFICALS FAIL TO RENDER THIS PROTECTION OF PROPERTY, THEY CAN NO LONGER EXIST AS A LEGAL COUNTY OR FORM OF GOVERNMENT, WHEN THEIR PROTECTION TO THEIR CITIZENS EXIST ONLY FROM A DO NOTHING POLICY. THIS COUNTY, WITH THIS POLICY SHOULD BE SUED BY EVERY CITIZEN LIVING HERE UNTIL SOMEONE IS CAPABLE OF ABIDING BY ALL OF THE FEDERAL, STATE, AND LOCAL LAWS THAT APPLY, AND PROMOTE EQUAL JUSTICE TO ALL.

5. NO 9 UNDER YOUR GROUNDS STATES" THE PLAINTIFF HAS NOT STATED WHETHER HE HAS EXHAUSTED HIS REMEDIES UNDER ALABAMA LAW, SPECIFICALLY HIS RIGHT TO APPEAL A PROBATE COURT JUDGMENT OR TO PETITION A HIGHER COURT FOR AS EXTRAORDINARY WRIT". THE PLAINTIFF HAS NEVER RECEIVED ANY ORDER OF THE PENDING ACTION FROM THE PROBATE COURT, AFTER ALMOST A YEAR MRS SINCLAIR SENT US A NOTICE THAT SHE

WANTED TO TALK WITH TWO OF MY NIECES THAT WERE NOT INCLUDED IN MOTHERS' WILL ABOUT TEN (10), MONTHS LATER, THEN MRS ROBIN JACOB FILED A PROTEST AGAINST THE WILL. ABOUT TWO (2) MONTHS LATER I RECEIVED A NOTICE THAT THIS CASE WAS PLACED IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY. ABOUT SIX (6) MONTHS LATER I RECEIVED A NOTICE FROM THE CLERKS OFFICE THAT IF AN APPEAL FEE WAS NOT PAID WITH-IN THE NEXT THIRTY (30) DAYS THIS CASE WOULD BE RETURNED BACK TO THE PROBATE COURT. ABOUT THREE (3) MONTHS LATER THERE HAS BEEN NO RESULTS. HERE AGAIN TALLAPOOSA COUNTY STALLED THE SETTLEMENT OF THIS WILL, BY ILLEGALY PLACING A CHARGE ON AN APPEAL THAT EVERYONE HAS THE RIGHT TO AN APPEAL AS GIVEN IN THE UNITED STATES CONSTITUTION WITH NO RESTRICTIONS.

6. ONE OF THE REASONS THAT I CHOSE TO FILE MY COMPLAINT IN THE UNITED STATES DISTRICT COURT IIS BECAUSE THE CONSTITUTION LAWS ARE NOT ACCEPTED BY THIS COUNTY. THERE IS NO LAW REQUIRING ME TO USE THE LOCAL COURT OR APPEAL TO A HIGHER COURT. WITH A CONSTITUTIONAL VIOLATION MY RIGHT TO PLACE THIS CASE IN THE FEDERAL COURT SYSTEM , I BELIEVE THAT THIS CASE WILL BE JUDGED FAIRLY, AND NOT INTENTIONALLY DRUG OUT FOR ANOTHER YEAR. THIS SHOULD EXPLAIN NO. 9 ON YOUR GROUNDS. I DON'T KNOW WHY I EVEN BOTHERED TO EXPLAIN ANY OF THIS TO YOU, WHEN YOU CANNOT EVEN UNDERSTAND THE SUMMONS OR THE ANSWER THAT IT REQUIRES.

7.   UNDER THE REQUIRED JUDGMENT AS GIVEN ON PAGE 5-6 OF MY COMPLAINT, EVERY DEFENDANT HAS TAKEN AN ACTIVE PART IN THE DELAY FOR THE SETTLEMENT OF MOTHERS' WILL, COSTING ME A LOT OF MONEY IN DAMAGES, STOLEN ITEMS, TAXES, LEGAL FEES, AND COURT COST . THEREFORE, I REQUEST A JUDGMENT AGAINST EVERY DEFENDANT AS GIVEN IN THE COMPLAINT FOR $1,000.00 PER DAY FROM DAY FILED IN THE PROBATE OFFICE TO HELP KEEP THE TIME INVOLVED DOWN, UNTIL FINAL SETTLEMENT , $100.000.00 FINE FOR EVERY DEFENDANT, UNTIL FINAL SETTLEMENT OF THE WILL ACCORDING TO IT'S TERMS.

8.   ON PAGE NO. 01. OF MY COMPLAINT STATES THAT THE PLAINTIFF ELECTS TO USE THE **APPENDIX SYSTEM** AS SO GIVEN IN FEDERAL RULE 34 (A) & R. APP, P. 30. THE PLAINTIFF DOES NOT DESIRE ORAL ARGUMENT, THE ISSUES ARE ESTABLISHED LAWS.  IN THE FOOTNOTES ON PAGE ONE OF YOUR MOTION TO DISMISS, YOU STATED THAT THE "DEFENDANTS ARE AT A LOSS AS TO HOW TO DEFEND AGAINST SUCH AN ALLEGATION". WHERE THE LAWS ARE PLAIN IN REGUARDS TO THE USE OF THE APPENDIX SYSTEM IN FEDERAL RULE 34 AND RULE 30 OF THE APPELLATE RULES,  YOU HAVE NO CHOICE BUT TO ABIDE BY THIS.

9.   THE PLAINTIFF IS ENTITLED TO THE RELIEF ASKED FOR AS GIVEN IN THE COMPLAINT, ON PAGE 03.  THE RIGHT FOR JUDGMENT ON THE PAYMENT OF DEBTS.

THEREFORE, WITH ALL THINGS CONSIDERED, THE PLAINTIFF COMPLAINT STANDS AS SO GIVEN, AND THE MOTION TO DISMISS THE DEFENDANTS GLORIA SINCLAIR, AND TALLAPOOSA COUNTY HAS NO MERIT AND MUST BE DENIED.

*Gene Coggins*
GENE COGGINS
242 HIGH TOP CR.
JACKSON'S GAP, AL 36861          **08.**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT UPON THIS DATE I HAVE PLACED IN THE UNITED STATES MAIL WITH PROPER POSTAGE AND SENT TO LAST KNOWN ADDRESS OF DEFENDANTS A COPY OF THIS FOREGOING ACTION, OR COUNSEL OF RECORDS, AND IN COMPLIANCE WITH RULE 30 (G) A. R. C. P. OF COURT..

DONE THIS __14__ DAY OF __SEPTEMBER__, 2006..

*Gene Coggins*
GENE COGGINS
242 HIGH TOP CR.
JACKSON'S GAP, AL 36861

cc:
WINTHROP E. JOHNSON ATT:
7475 HALCYON POINTE DRIVE (36117)
P.O. BOX 240909
MONTGOMERY, AL 36124