# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# AT: MONTGOMERY, ALABAMA

RECEIVED
2006 SEP 21 A 9: 32

GENE COGGINS
   Plaintiff

v:                          Civil Action No 3: 06 - CV - 00687-WHA-DRB

| | |
|---|---|
| MRS GLORIA SINCLAIR<br>125 N. BROADNAX ST.<br>DADEVILLE, AL 36853 | TALLAPOOSA COUNTY<br>125 N. BROADNAX ST.<br>DADEVILLE, AL 36853 |
| MR. BLAKE LOWE<br>1000 CHEROKEE RD.<br>P.O. BOX 1928<br>ALEXANDER CITY, AL 35010 | MRS ROBIN JACOBS<br>AND GEORGE BLAKE ATT.<br>203 COOK ST.<br>AUBURN, AL 36830 |

**Defendants**

# MOTION TO REMOVE THE APPOINTED MAGISTRATE JUDGE, DELORES R. BOYD FROM ANY PART OF THIS CASE.

COMES NOW, THE PLAINTIFF, GENE COGGINS WITH THIS MOTION TO REMOVE THE APPOINTED MAGISTRATE JUDGE, DELORES R. BOYD FROM ANY PART OF THIS CASE.  THIS CAME ABOUT FROM HER ORDER ON MOTION, FILED SEPTEMBER 12, 2006, REFLECTING A SHADED ATTEMPT TO DISCOURAGE INDIVIDUALS FROM REPRESENTING THEM SELF IN ANY CASE, AS GIVEN IN THE UNITED STATES CONSTITUTION, AND CONTINUOUSLY PRACTICED WITH ALABAMA ATTORNEYS.  REASONS AS FOLLOWING;

01.

1.   MY **DUE PROCESS** WAS DENIED, WHEN SHE ELIMINATED THREE OF THE FIVE DEFENDANTS, IN HER FIRST ORDER ON MOTIONS, WITHOUT KNOWING WHAT THEIR INVOLVEMENT IN THIS CASE WAS, AND WAITING UNTIL MY BRIEF WAS FILED TO LOOK AT ALL THE EVIDENCE PRESENTED IN MY COMPLAINT, ON THE DELAYED SETTLEMENT ON MOTHERS WILL.   EVERY ONE WAS INVOLVED IN THE DUE PROCESS OF LAW AND THE RIGHT TO A SPEEDY TRIAL AS SO GIVEN IN THE UNITED STATES CONSTITUTION.   THE DELAYS AND CONTINUE FILED BY BLAKE LOWE, THE TIME INVOLVED WITH GLORIA SINCLAIR STALLING AND NOT ABIDING BY THE TIME LIMITS FOR ANYONE TO PROTEST THE WILL,   THE CIRCUIT COURT RETURNING THIS BACK TO THE PROBATE COURT BECAUSE OF THE ILLEGAL REQUIRED FEE THEY ATTACHED TO THIS, INVOLVED TALLAPOOSA COUNTY, WITH ROBIN JACORS, AND HER ATTORNEY GEORGE BLAKE FILING A CONTEST AGAINST THE WILL TEN MONTHS AFTER FILLED IN THE PROBATE OFFICE, ALL PARTS AND PARTIES TO THIS DENYING ME OF MY DUE PROCESS OF LAW,   ARE EQUAL AND SHOULD BE INCLUDED IN ALL PARTS INVOLVED IN THE SETTLEMENT OF THIS CASE.   PAGE ONE OF THE ORDER ON MOTIONS ALSO MAKES THE MAGISTRATE JUDGE A PART OF THIS.

2.   IN THE MOTION I FILED FOR CORRECTION OF SPELLING AND ZIP CODE, SHE DECLINED TO CONSIDER THIS.   THIS HAD DESTROYED MORE OF THE DUE PROCESS, BY NOT ALLOWING AN ANSWER TO THE SUMMONS AS REQUIRED.   I

KNOW THAT AN ANSWER CAN BE FILED EITHER AS A MOTION OR ANSWER, BUT IT MUST FOLLOW THE BASIC RULES OF COURT, BY ADMITTING TO OR DENYING EACH AND EVERY ALLEGATION MADE IN THE COMPLAINT. THE ATTORNEY FOR GLORIA SINCLAIR AND TALLAPOOSA COUNTY FAILED TO COMPLY TO THIS, THEREFORE MAKING THE TIME ALLOWED ON THE SUMMONS HARD TO FILE DEFAULT JUDGMENT, TO BE ENTERED AGAINST THEM. HERE AGAIN SHE COVERED FOR HER TRIAL LAWYER FRIENDS.

3.   IN PARAGRAPH 5 SHE STATED THAT SHE WOULD RECOMMEND DISMISSAL OF THIS LAWSUIT WITH PREJUDICE, AND AGAIN ON PAGE 4 " A PLAINTIFF MAY INCUR A SUBSTANTIAL PENALTY FOR NON-COMPLIANCE WITH THIS RULE 11 ©) (2). Provides..   Under counsel for seniors and the disabled any threat of suite or prejudice against me, is covered by Title42 under the United States code for the dis- abled.   What this does not cover, by Amendment VIII of the United States Constitution, Amendment VII , and every person has the right to appeal.   I have no income except social security, no savings and own nothing, not even the clothes I ware, they are furnished by our church.   Here again she pre-judged this case before gartering all the evidence involved in this case.

4.   Here again I am not an attorney or desire to be one, for in my bible God placed a woe on all attorneys, the reason is plain to see.   When I need one their up front retainer fee is $10,000.00 more or less, when a person lives on a fixed income he has to represent himself or let every one take advantage of him.   After paying Blake Lowe to represent me in this matter, I had to dismiss him on the ground of do nothing , he filed about four continues, never answer the phone or returned any of my calls.   Therefore I have to represent my self as given in the United States Constitution, and in

03.

my original complaint. I have filed according to the Federal Rule of procedure 11. That deals with all arguments and preparation for trial.

5. When I finished school at Jacksonville State in 1991 the rules to place a complaint in Federal Court consist of the following;

    a. A CONSTITUTIONAL VIOLATION,

    b. A CIVIL RIGHT VIOLATION,

    c. DENYING DUE PROCESS OF LAW

    d. THE AMOUNT OF MONEY INVOLVED

I DON'T BELIEVE ANY OF THIS HAS CHANGED. MY COMPLAINT SHOWS D, a. A CONSTITUTION VIOLATION, c. DENYING MY DUE PROCESS OF LAW, D. THE AMOUNT OF MONEY INVOLVED. THE DELAY HAS CAUSED DAMAGES TO THE PROPERTY AND ITEMS STOLEN AMOUNTED TO MORE THAN $135,000.00. WHEN ONLY ONE OF THE ABOVE REQUIREMENTS ARE MEET THE FEDERAL QUESTION OF "JURI SDICTION" IS ANSWERED. The legal right exist when court has cognizance of class of cases involved proper parties are present and point to be decided is within the power of the court. United Cemeteries Co. V: Strother, 342 Mo. 1155, 119 S. W. 2d. 762, 765. Harder V: Johnson, 147 Kan, 440, 76, P. 2d. 763-764. THE SCOPE AND EXTENT OF THIS JURISDICTION OF FEDERAL COURTS ARE GOVERN BY RULE 28 U.S.C.A. s/s 1251 et seq..

6. JURISDICTIONAL AMOUNT INVOLVED IN THIS PARTICULAR CASE, Shabotzby V: Massachusetts Mut. Life Ins. Co. D.C.N.Y. , 21 F Supp. 166, 167; value of the object sought to be attained in this case, Mountain States Power Co. V: City of Forsyth, D.C. Mont. 41 Supp, 389,

04.

390. Ronzio V: Denver & R.G. W. R. Co., C.C.A. Utah,116 F 2d, 604, 606. THE JURISDICTION OF THE TRIAL COURT IS LIMITED BY THE AMOUNT IN CONTROVERSY IN THAT PARTICULAR ACTION. Federal Rule 28 U.S.C.A. s/s s/s 1331, 1332. As based on the total monetary value of such action.

7. All claims have the necessary statement of claim and jurisdiction as given in the Federal Rules of court, to hear the original claim for it is given in a short and plain statement that permits this court to settle this claim with no needs for new ground to support it. Fed. R. Civ. P. 8(a)..

8. POWER OF A PARTICULAR COURT TO HEAR THIS CASE AS SET BEFORE THEM. Davis V: Davis 9 Ill, App. 3d, 922, 293, NE 2d, 399, 405.

9. THE LEGAL POWER OF THE COURT TO RENDER A PERSONAL JUDGMENT AGAINST A PARTY OR DEFENDANT IN THE GIVEN ACTION OR PROCEEDINGS. Imperial V: Hardy, La 302,So. 2D, 5, 7..

**THEREFORE, CONSIDERING ALL THE GROUNDS GIVEN, IT IS ONLY FAIR AND EQUAL JUSTICE THAT SHOULD BE RENDERED IN THI S CASE. IT HAS BEEN SO MESSED UP I DON'T KNOW WHAT TO DO NEXT.**

*[signature]*
**GENE COGGINS**
1436 COUNTY RD. #299
LANETT, AL 36863
(334) 576-3263