# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT EASTERN DIVISION AT: MONTGOMERY, ALABAMA

GENE COGGINS
242 HIGH TOP CR.
JACKSON'S GAP, AL 36861
        Plaintiff

V;
                              CIVIL ACTION No. 3:06CV687-WHA

| | |
|---|---|
| MRS. GLORIA SINCLAIR<br>PROBATE JUDGE<br>125 N. BROADNAX ST. RM.126<br>DADEVILLE, AL 36853 | TALLAPOOSA COUNTY<br>125 N. BROADNAX ST.<br>DADEVILLE, AL 36853 |
| MR. BLAKE LOWE<br>1000 CHEROKEE RD.<br>P.O. BOX 1928<br>ALEXANDER CITY, AL 35010 | MRS ROBIN JACOBS<br>AND GEORGE BLAKE ATT.<br>203 COOK ST.<br>AUBURN, AL 36830 |

## DEFENDANTS

## MOTION FOR AMENDED COMPLAINT

**COMES,** NOW THE PLAINTIFF, GENE COGGINS, WITH THIS FORMER COMPLAINT AGAINST THE ABOVE DEFENDANTS... FILLED IN THE PROPER COURT AND PAID ALL APPLICABLE FEES. THE PLAINTIFF ELECTS TO USE THE **APPENDEX SYSTEM** *AS SO GIVEN IN FEDERAL RULE 34 (A) & R. APP. P. 30. THE PLAINTIFF DOES NOT DESIRE ORAL ARGUMENT, THE ISSUES ARE ESTABLISHED LAWS.*

01.

CAUSE OF ACTION:

1. **FRAUDULENT CONVEYANCE;** INTENT TO DEFRAUD MEANS TO ACT WILLFULLY AND WITH THE SPECIFIC INTENT TO DECEIVE OR CHEAT FOR THE PURPOSE OF EITHER CAUSING SOME FINANCIAL LOSS TO ANOTHER OR BRINGING ABOUT SOME FINANCIAL GAIN TO ONESELF.. A CONVEYANCE OR TRANSFER OF PROPERTY, TO DEFRAUD, HINDER, OR DELAY HIM, OR TO PUT SUCH PROPERTY BEYOND HIS REACH. Dean V: Davis, 242 U.S. 438, 37 S.Ct, 130 61, L. Ed. 419..

2. **DENYING MY CONSTITUTIONAL RIGHT FOR A SPEEDY TRIAL:** AS GIVEN INN THE FEDERAL ACT OF 1974 SET OUT AND ESTABLISHED TIME LIMITS ON ANY EVENTS THAT ARE CARRIED OUT IN THE JUDICIAL SYSTEM AS SO PLACED ON THE SHORT TERM CALENDER SO AS TO ASSURE A SPEEDY TRIAL. U. S. C. A. s/s 3161, Baker V: Wingo 407, U.S. 514, 92, S. CI, 2182, 33 LED, 2d, 101.. Bryant V: State Md. APP, 572, 244, A. 2d, 446, 448, 6th. Amendment of the United States Constitution.

3. MY **DUE PROCESS** WAS DENIED, WHEN THREE OF THE FIVE DEFENDANTS WERE ELIMINATED. IN THE ANSWER OF THE FIRST ORDER ON MOTIONS WITHOUT KNOWING WHAT EVERY DEFENDANTS INVOLVEMENT IN THE CASE WAS ABOUT, NOT WAITING FOR THE BRIEF TO BE FILED TO LOOK AT ALL OF THE EVIDENCE PRESENTED IN THE COMPLAINT ON THE DELAY FOR FILING MOTHERS WILL. EVERYONE WAS INVOLVED IN THE DUE PROCESS OF LAW WITH THE RIGHT TO A SPEEDY TRIAL AS SO GIVEN IN THE UNITED STATES CONSTITUTION. THE

DELAYS THAT WERE CONTINUED FILED BY BLAKE LOWE, THE TIME INVOLVED WITH GLORIA SINCLAIR STALLING, AND NOT ABIDING BY THE TIME LIMITS FOR ANYONE TO PROTEST MOTHERS WILL. THE CIRCUIT COURT OF TALLAPOOSA COUNTY RETURNED THIS CASE BACK TO THE PROBATE OFFICE BECAUSE OF THE ILLEGAL REQUIRED FEES THEY ATTACHED TO THIS, INVOLVED TALLAPOOSA COUNTY, WITH ROBIN JACOBS, AND HER ATTORNEY GEORGE BLAKE FILLED A CONTEST AGAINST THE WILL TEN MONTHS AFTER FILLED IN THE PROBATE OFFICE. ALL PARTS AND PARTIES TO THIS DENYING MY DUE PROCESS OF LAW, ARE MY RIGHT TO A SPEEDY TRIAL, ARE EQUAL AND ALL SHOULD BE INCLUDED AS PART OF THIS SETTLEMENT.

## AUTHORITY:

1. ANY PERSON MAY MANAGE HIS OWN CASE. s/s 34-3-19, The provisions Of this article shall not be construed to prevent any person from conducting or Managing his own case in any court in this state. Code 1852, s/s 737, Code 1867 s/s 871, Code 1876, s/s 790, Code 1886, s/s 863, Code 1896, s/s 589, Code 1907, S/s 2981, Code 1923, s/s 6246, Code 1940, T. 46, s/s 41..

2. A CHARGE FOR SECURITY OR ENCUMBRANCE UPON PROPERTY FOR PAYMENT OF DEBT, OBLIGATIONS. OR DUTY; Theatre Reality Co. V: Aronberg - Fried Co. C.C.A. Mo. 85 F 2d, 383, 388. Pringer, Springer V: J.R. Clark Co. Minn. 138 F. 2d, 722, 726..

3. THE RIGHT TO ENFORCE CHARGES UPON PROPERTY OF ANOTHER FOR PAYMENT OR SATISFACTION OF DEBT ON DEMAND.. Samuels V: Public

Nat. Bank and Trust Co. Of New York. 140 Misc. 744, 251, N.Y. S. 671, 674..

4. SECURITY FOR DEBT; Hurley V: Boston Holding Co. 315 Mass. 591, N.E. 2d, 183, 193...

5. THE RIGHT TO CLAIM INTEREST ON CERTAIN PROPERTY, INVOLVES THAT PERSON HAVING TIME, LABOR, OR MONEY INVESTED AS GIVEN BY LAW. Sullins V:Sullins, 65 Was. 2d, 283, 396, P. 2d. 886, 888..

6. THE RIGHT TO A QUALIFIED CLAIM AGAINST ONES INTEREST IN PROPERTY, HAS THE RIGHT TO ENFORCE A CHARGE UPON ANY ILLEGAL CLAIMS PERTAINING TO THAT PARCEL OF PROPERTY FROM ANOTHER FOR PAYMENT OR SATISFACTION OF DEBT OR CLAIM; Vaugham V: John Hancock Mut. Life Ins. Co. Tex. Civ. App. 61 S.W.2d. 189, 190..

7. THE RIGHT TO RETAIN PROPERTY FOR PAYMENT ON DEMAND; Day V: Ostergard 146 P. A. Super 27, 21, A. 2d. 586,588..

8. A SPEEDY TRIAL IS NOT CONFINED TO MERELY AN IMPAIRMENT BUT INCLUDES ANY THREAT TO WHAT HAS BEEN TERMED AN ACCUSED'S SIGNIFICANT STAKES, PSYCHOLOGICAL, PHYSICAL, <u>FINANCIAL</u> IN THE COURSE OF A PROCEEDING WHICH MAY ULTIMATELY DEPRIVE HIM OF PROPERTY, LIFE, LIBERTY, OR PRESUIT OF HAPPINESS. U.S. V: Dreyer, C. A. N. J., 533, F2d. 112, 115..

THIS COMPLAINT AS PRESENTED TO THIS COURT BY THE PLAINTIFF, HAS PRODUCED SUFFICIENT EVIDENCE TO ESTABLISH THAT THERE IS PROBABLE

CAUSE TO BELIEVE THAT THE ABOVE DEFENDANTS HAS COMMITTED A CRIME..

Fed. R. Crim. P. 5.1..

**FACTS:**

ON OR ABOUT SEPTEMBER 28 OF 2003, MY MOTHER FLOSSIE COGGINS PASSED AWAY AT THE RUSSELL MEDICAL CENTER IN ALEXANDER CITY, ALABAMA. SHE LEFT BEHIND HER LAST WILL AND TESTIMONY, AS WAS SO FOUND UNDER HER MATTRESS IN HER BEDROOM. SHE WAS DIVORCED AT THAT TIME WITH ALL PROPERTY GIVEN TO HER IN THE DIVORCE SETTLEMENT. MOTHER HAD MR. BLAKE LOWE TO REPRESENT HER IN THIS DIVORCE. AFTER SEVERAL MONTHS PASSED AND NO ONE TRIED TO SETTLE HER ESTATE, I CARRIED THE WILL TO MR. BLAKE LOWE TO SETTLE THIS. AFTER PAYING HIM $1,500.00 AND ABOUT A YEAR LATER, HE FINALLY GOT A HEARING SET WITH THE PROBATE JUDGE. AT THE HEARING ALL FAMILY MEMBERS WERE CALLED IN, AND NO ONE PROTESTED THE WILL. THE NOTARY PUBLIC THAT WITNESSED THE SIGNING OF THE WILL TESTIFIED THAT WAS HER ORIGINAL SIGNATURE. THE PROBATE JUDGE WANTED TO TALK WITH TWO MORE OF MOTHERS GRAND CHILDREN THAT WAS NOT INCLUDED IN HER WILL. AFTER MORE THAN SIX MONTHS PASSED, WE WERE NOTIFIED THAT ONE OF THE GRAND CHILD THAT WAS NOT INCLUDED IN HER WILL, HAD PROTESTED IT. UNDER ALABAMA LAW A PERSON HAS SIX MONTHS TO PROTEST A WILL AFTER FILLED IN PROBATE

COURT.    AFTER THIS TIME THE PROTEST IS ILLEGAL AND MUST BE SETTLED BY THE PROBATE JUDGE.   SHE HAS REFUSED TO ABIDE BY THIS LAW AND CONTINUES TO DO NOTHING ABOUT PROBATING THIS WILL.   A WILL IS A LEGAL INSTRUMENT BY WHICH A PERSON MAKES DISPOSITIONS OF THEIR PROPERTY TO TAKE EFFECT AFTER THEIR DEATH AND PROPERTY PLACE AS SO GIVEN . Howard's Ex'r V: Dempster, 247 Ky. 153, 54 S. W. 2d, 660, 661. Brown's Estate, Tex. Civ. App., 507 S.W. 2d. 801, 803..

DURING ALL OF THIS TIME, THE NEW HOUSE THAT I BUILT FOR MOTHER TO LIVE IN HAS HAD A LOT OF DAMAGE DONE TO IT, A LOT OF HER PERSONAL ITEMS HAS BEEN REMOVED, DOORS AND LOCKS REMOVED, AND EVERY TIME I REPORTED THIS TO OUR DO NOTHING SHERIFF DEPARTMENT THAT WAS THE RESULTS I GOT. (DO NOTHING)..   THIS DO  NOTHING ON EVERY ONE PART HAS COST ME A LOT OF TIME AND MONEY.   I HAVE PAID TAXES ON THIS PROPERTY FOR OVER SIX YEARS NOW , WITH MORE DUE IN NOVEMBER.

**JURISDICTION:**

I HAVE BEEN A LIFE TIME RESIDENT OF ALABAMA, BORN IN TALLAPOOSA COUNTY AT DADEVILLE, ALABAMA.   WHEN I FINISHED LAW SCHOOL AT JACKSONVILLE  STATE IN 1991 THE REQUIRED  RULES TO PLACE A COMPLAINT IN FEDERAL CO URT CONSIST OF THE  FOLLOWING:

1. **A CONSTITUTIONAL VIOLATION**
2. **A CIV IL RIGHT VIOLATION**
3. **DENYING DUE PROCESS OF LAW**
4. **THE AMOUNT OF MONEY INVOLVED   06.**

I DON'T BELIEVE ANY OF THIS HAS CHANGED.  MY COMPLAINT SHOWS, a. A CONSTITUTIONAL VIOLATION, c. DENYING DUE PROCESS OF LAW, d. THE AMOUNT OF MONEY INVOLVED.  THE DELAY HAS CAUSED DAMAGE TO THE PROPERTY, ITEMS STOLEN, AND FINANCIAL LOSS TO ME, AT THAT TIME WAS $135,000.00..  SINCE THAT TIME ADDITIONAL ITEMS TAKEN FROM THIS PROPERTY BY MIKE COGGINS, DIANNE HARRELSON, AND KATHY JONES EQUALS TO AN ADDITIONAL $350,000.00, TOTAL $485,000.00.  WHEN ONLY ONE OF THE ABOVE FEDERAL JURISDICTION QUESTIONS ARE PRESENT, THE REQUIREMENTS ARE MET.  The legal right exist when the court has congnizance of class of cases involved proper parties are present and point to be decided is within the power of the court.  United Cemeteries Co. V: Strother, 342 Mo. 1155, 119, S.W. 2d, 762, 765.  Harder V: Johnson, 147 Kan. 440, 76 P. 2d 763-764..  The scope and extent of this jurisdiction of federal courts are governed by Rule 28 U.S.C. A. s/s 1251 et seq..  JURISDICTIONAL AMOUNT INVOLVED IN THIS PARTICULAR CASE, Shabotzby V: Mass. Mut. Life Ins. Co. D. C. N. Y. 21 F Supp. 166, 167..  VALUE OF THE OBJECT SOUGHT TO BE ATTAINED IN THIS CASE, Mountain States Power Co. V: City of Forsyth, D. C. Mont. 41 Supp. 389-390..  Ronzio V: Denver & R. G. W. R. Co. C.C.A. Utah, 116 F 2d, 604, 606..  THE JURISDICTION OF THE TRIAL COURT IS LIMITED BY THE AMOUNT IN CONTROVERSY IN THAT PARTICULAR ACTION.  Federal Rule 28 U. S. C. A. s/s s/s 1331, 1332.  AS BASED ON THE TOTAL MONETARY VALUE OF SUCH ACTION.

1. ALL CLAIMS HAVE THE NECESSARY STATEMENT OF CLAIM AND JURISDICTION AS GIVEN IN THE FEDERAL RULES OF COURT, TO HEAR THE

ORIGINAL CLAIM FOR IT IS GIVEN IN A SHORT AND PLAIN STATEMENT THAT PERMITS THIS COURT TO SETTLE THIS CLAIM WITH NO NEEDS FOR NEW GROUND TO SUPPORT IT. Fed. R. Civ. P. 8(a)..

**2. THE LEGAL POWER OF THE COURT TO RENDER A PERSONAL JUDGMENT AGAINST A PARTY OR DEFENDANT IN THIS GIVEN ACTION OR PROCEEDINGS.**

Imperial V: Hardy, La. 302, So. 2d, 5, 7..

**REQUIRED JUDGMENT:**

1. ON ALL PARTIES INVOLVED IN THIS TIME KILLED IN THE SETTLEMENT OF THIS WILL, A JUDGMENT OF $1,000.00 PER DAY FROM FILLING IN PROBATE OFFICE.

2. FOR DAMAGES DONE TO PROPERTY AND STOLEN MATERIAL THAT CAME ABOUT FROM THIS DELAY, $100,000.00 PER PERSON.

3. THE FINAL CLOSURE OF WILL WITH ALL PROPERTY GOING TO GENE COGGINS. WHEN THE WILL WAS PROTESTED ACCORDING TO IT'S TERMS, IF PROTESTED ALL GOES TO GENE COGGINS, FOR I AM THE ONLY ONE THAT HAS ANY THING INVESTED IN IT. PAGE 3 ITEM -3 -5 - 6 - 7 ...

4. IF NOT ABLE TO PAY, I REQUIRE A LIEN ON ALL REAL AND PERSONAL PROPERTY TO COVER SECURITY IF MORE THAN TEN DAYS IS INVOLVED, WITH A SEIZURE OF ALL PROPERTY AFTER THIRTY DAYS.

**CONCLUSION:**

THE CONSTITUTION VIOLATION, THE AMOUNT OF MONEY INVOLVED, AND NOT ABIDING BY THE DUE PROCESS OF LAW, PLACES THIS CASE IN THE PROPER COURT, RIGHT LOCATION AND WITH ALL THE EVIDENCE GIVEN, THE TIME WASTED IN THE SETTLEMENT OF THIS WILL, THERE SHOULD BE A FINAL SETTLEMENT WITHIN A VERY SHORT TIME.

_Gene Coggins_
GENE COGGINS

_Patricia A Caddif_
NOTARY PUBLIC

DATE: 9-19-06

12-3-07
MY COMMISSION EXPIRES

SEAL: