IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN  DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-00687-WHA-DRB |
| | ) | [wo] |
| GLORIA SINCLAIR, Probate Judge, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The Complaint, as amended, fails to invoke federal jurisdiction, and having afforded

ample notice and opportunity to the *pro se* plaintiff, an Alabama citizen,  to state any federal

claim against the non-diverse defendants, the Magistrate Judge recommends that defendants'

dismissal motion be granted and this action dismissed.

**I.   Background**

Gene Coggins, a resident of Jackson's Gap, Alabama  ("Coggins") initiated this action

on August 4, 2006, against five defendants: (1) Tallapoosa County Probate Judge Gloria

Sinclair, (2) Tallapoosa County, (3) Blake Lowe, a lawyer practicing in Alexander City; (4)

Robin Jacob,  of Auburn, and (5) George Blake, an Auburn lawyer.  As best as the court

could discern from the poorly plead Complaint, Coggins seeks the intervention of this federal

court to compel the probate of his mother's Will and attributes to Defendants  some criminal

culpability for the delay.

By Order entered September 12 (Doc. 12), the court pointedly advised Coggins "that

the Complaint is due to be dismissed as it fails to trigger this court's federal jurisdiction and

otherwise fails to state a claim for which relief can be granted in this court against any of the

named defendants, all of whom have now been served."  Nonetheless, " in deference to the

Plaintiff's evident status as a non-lawyer otherwise lacking in knowledge of federal practice,

the Magistrate Judge deem [ed] it appropriate to provide an opportunity for the *pro se* plaintiff

first to submit any amended Complaint which withstands dismissal."   Accordingly, in lieu

of dismissing the action *sua sponte* or pursuant to the dismissal motion filed promptly by the

governmental defendants on August 29 (Doc.3), the court granted their alternative motion

for a definite statement, relieved the private defendants of any duty to answer the deficient

complaint, and set a September 29, 2006 deadline for Coggins to file an amended complaint.

> The Magistrate Judge cautioned:

> If the amended Complaint fails to cure the jurisdictional defects and other
> deficiencies evident in the original complaint  – summarized below – or if the
> Plaintiff fails to file an amended complaint, the Magistrate Judge will proceed
> to recommend dismissal of this lawsuit with prejudice.

Additionally, this court highlighted to Coggins both the perils of proceeding without legal

counsel as well as his obligation to comply with  Rule 8(a) and Rule 11 of the Federal Rules

of Civil Procedure.  Moreover, the court left little room for Coggins to doubt the deficiencies

of his Complaint:

> For the reasons stated in their <u>Motion to Dismiss Plaintiff's Complaint</u>,
> Tallapoosa County and its Probate Judge are due to be dismissed from this
> action; accordingly, the Plaintiff is instructed to consider carefully the grounds

asserted in the Motion as he attempts to amend his Complaint against these defendants.    The Complaint fails to state any federal cause of action against the other named defendants – Blake Lowe, Robin Jackors, and George Blake; because the Complaint discloses that Plaintiff and these defendants share citizenship in the State of Alabama, the Plaintiff is instructed that any viable complaint against these defendants must satisfy all the jurisdictional prerequisites for "federal question" jurisdiction.

Doc. 12 at 5a.

Coggins filed on September 21 a pleading (Doc. 16) which has been construed, and docketed, as his *Amended Complaint*. He filed no other pleading as his amended complaint by the September 29 deadline set. Thus, the Magistrate Judge now addresses the original and amended complaints, the dismissal motion (Doc.3), and the plaintiff's pleadings filed in opposition to the dismissal motion (Doc. 13).

## II.   DISCUSSION

### A.     Coggins' Complaints

Coggins intersperses in his complaints a mongrel of generalized  declarations of his violated rights , non-specific frauds and crimes by defendants, and citations to cases, rules, and statutes from assorted state and federal jurisdictions.   The following factual narrative, from pages 4 and 5, provides the only clue on his grievance:

> On or about September 20 of 2003, my mother Flossie Coggins passed away at the Russell Medial Center in Alexander City, Alabama.  She left behind her Last Will and Testimony (sic), as was so found under her mattress in her bedroom.  She was divorced at that time with all property given to her in the divorce settlement.  Mother had Mr. Blake Lowe to represent her in this divorce.  After several months passed and no one tried to settle her estate, I carried the Will to Mr. Blake Lowe to settle this.  After paying him $1,500.00

and about a year later, he finally got a hearing set with the Probate Judge. At the hearing all family members were called in, and no one protested the Will. The Notary Public that witnessed the signing of the Will testified that was her original signature. The Probate Judge wanted to talk with two more of Mother's grand children that was not included in her Will. After more than six months passed, we were notified that one of the Grand Child (sic) that was not included in her Will, had protested it. Under Alabama law a person has six months to protest a Will after filed in Probate Court. After this time the protest is illegal, and must be settled by the Probate Judge. She has refused to abide by this law and continues to do nothing about probating this Will.

On these allegations of delay or refusal to probate his mother's Will, Coggins demands a "required judgment" of "$1,000.00 per day from filing in probate office. . . for damages done to property and stolen material that came about from this delay, $100,000.00 per person, [and] the final closure of Will with all property going to [him]...." (*Compl.*, Doc. 1, at 5-6).

Coggins' amended complaint adds little to repair the jurisdictional deficiencies in his original complaint. It is rife with purported case law authority for general statements of law and constitutional claims. The only additional facts arguably included to assert specific claims against the defendants are stated as follows:

> The delays that were continued filed by Blake Lowe, the time involved with Gloria Sinclair stalling, and not abiding by the time limits for anyone to protest mother's Will. The Circuit Court of Tallapoosa County returned this back to the Probate Office because of the illegal required fees they attached to this, involved Tallapoosa County, with Robin Jacobs, and her Attorney George Blake filled (sic) a contest against the Will ten moths after filled (sic) in the Probate Office. All parts and parties to this denying my due process of law, are (sic) my right to a speedy trial, are equal and all should be included as part of this settlement.

(*Am. Compl.*, Doc. 16 at 2-3).

**B.    Motion to Dismiss**

The *Motion to Dismiss* filed for Tallapoosa County and Probate Judge Sinclair pursuant

to  Rule 12(b)(6) highlights this court's  absence of any federal question or diversity

jurisdiction, claims for the Tallapoosa County probate judge both Eleventh Amendment

immunity and absolute judicial immunity, and, *inter alia*, denies that Tallapoosa County is a

proper defendant.

**C.    Analysis**

Because the federal court is a court of limited jurisdiction, the court is bound to decide

first whether plaintiff's complaint can be maintained in this court on either "diversity" or

"federal question" jurisdictional grounds.[1] The complaint, as amended, is patently bereft of

any semblance of a foundation for federal question jurisdiction or diversity jurisdiction.

Coggins simply fails to specify any viable jurisdictional claim against either the public entities

or the non-diverse private defendants.

The scarce judicial resources of this federal court should not be squandered on any

protracted analysis.  The only claim Coggins attempts to state arises from delays  in, or

---

[1]Federal Rule of Civil Procedure 12(b)(1) dictates that the question of subject matter jurisdiction be accorded priority consideration because it implicates the court's "very power to hear the case." *Bell v. Hood,* 327 U.S. 678, 682-683 (1946); *see Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir.1997) (noting that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"); *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990).

refusals to complete, the probate of his mother's Will in Tallapoosa County.  The claim does

not rise under federal laws or the United States Constitution, and this court is powerless to

compel the completion of the probate process by state court officials.  The principle is too

well established to warrant discussion.

### III.   CONCLUSION

It is, therefore, the Recommendation of the Magistrate Judge that the *Motion to*

*Dismiss* (Doc. 3) be GRANTED and this action be DISMISSED  against all designated

defendants for lack of subject -matter jurisdiction.

**IT IS FURTHER ORDERED that the parties shall file any objections to this**

***Recommendation* not later than October 30, 2006.**   Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting.  Frivolous, conclusive or general objections will not be considered by the District

Court.  The parties are advised that this Recommendation is not a final order of the court

and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,*

677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.


       Done this 16th day of October, 2006.


                **/s/ Delores R. Boyd**
                DELORES R. BOYD
                UNITED STATES MAGISTRATE JUDGE